**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**RAVEN J. SANDIFER, and**
**RAVENOUS ENTERPRISES, INC.,**

        Plaintiffs,

     v.                                    Case No. 14-C-325

**GARY KNELLER,**
**LINDA L. BROWN,**
**EDWARD MCGUIRE, and**
**RAJIV PANDYA,**

        Defendants.

---

## DECISION AND ORDER

---

The Plaintiffs, Raven J. Sandifer ("Sandifer"), and Ravenous Enterprises, Inc. ("Ravenous"), filed this action on March 24, 2014, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. Attorneys have a professional obligation to analyze subject-matter jurisdiction before judges need to question the allegations. *Heinen v. Northrop Grumman Corp.,* 671 F.3d 669, 670 (7th Cir. 2012). However, the Court has an independent obligation to enforce the limits of its subject matter jurisdiction. *Carroll v. Stryker Corp.,* 658 F.3d 675, 680 (7th Cir. 2011). The burden of persuasion for establishing diversity jurisdiction remains on the party asserting it. *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010).

The jurisdictional allegations of the Complaint are inadequate; each Defendant is alleged "upon information and belief" to be a citizen and resident of Georgia. (*See* Compl. ¶¶ 8-11.) (ECF No. 1.) Allegations regarding the citizenship of a party based on

information and belief are insufficient to establish jurisdiction, such allegations must be based upon personal knowledge. *See Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir. 1992). Furthermore, the residence of an individual is irrelevant; only the citizenship of the individual is relevant. *Id*. Citizenship depends on domicile; the state in which a person intends to live over the long run. *See Heinen,* 671 F.3d at 670 (citing *Gilbert v. David,* 235 U.S. 561 (1915); *Steigleder v. McQuesten*, 198 U.S. 141 (1905); *Denny v. Pironi,* 141 U.S. 121 (1891); *Robertson v. Cease,* 97 U.S. 646 (1878)).

The Court will set a deadline for the Plaintiffs to file an amended complaint curing these jurisdictional deficiencies. Failure to file an amended complaint by the stated deadline will result in the dismissal of this action for lack of subject matter jurisdiction.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**No later than May 9, 2014,** the Plaintiffs may file an amended complaint.

Failure to file an amended complaint by the stated deadline will result in the dismissal of this action for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin, this 8th day of April, 2014.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**
